**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEITH RUSSELL JUDD,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:11-cv-867-Orl-22KRS**

**SECRETARY OF STATE OF FLORIDA**
**and STATE OF FLORIDA,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION FOR WAIVER OF FILING FEES AND COSTS (Doc. No. 2)** |
| **FILED:** | May 23, 2011 |

**I. PROCEDURAL HISTORY.**

Plaintiff Keith Russell Judd filed an application to proceed in this Court *in forma pauperis*. Doc. No. 2. Judd filed a complaint against the Secretary of the State of Florida and the State of Florida alleging violation of federal election laws and Equal Protection under the United States Constitution due to Florida's disenfranchisement of felons and the manner in which candidates are placed on the Democratic party's ballot for United States President. Doc. No. 1. Judd seeks to be added to the Democratic ballot for President in 2012, seeks to have the laws which establish

requirements for appearing on the ballot declared unconstitutional and seeks to have Florida's law prohibiting felons from voting declared unconstitutional. *Id.* Judd is currently incarcerated in Texarkana, Texas. Doc. No. 2.

## II. APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether the Howards' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## III. ANALYSIS.

The United States Court of Appeals for the Eleventh Circuit has previously determined that Florida's laws prohibiting felons from voting do not violate the Equal Protection clause of the United States Constitution and that the Voting Rights Act does not apply to Florida's felon

disenfranchisement provisions. *Johnson v. Governor of Florida*, 405 F 3d 1214. 1217, 1233 (11th Cir. 2005). Thus, Judd's claims contrary to that court's determinations are frivolous. Judd then objects to "all state laws in conflict" with his planned run for President as unconstitutional. Judd does not identify which laws he believes are unconstitutional nor why they are unconstitutional. Judd does not explain how his claims involve the Help Americans Vote Act, 42 U.S.C. § 15482.

Judd appears to lack standing as well because even if his challenges to the fees or petition requirements were well-taken, as he has not shown that he is otherwise qualified to run as a Democratic candidate for President. Judd's claims seeking to be placed on the 2008 Democratic ballot for President were described by the United States District Court for the District of Columbia as "fantastic or delusional." *Judd v. Federal Election Comm'n*, No. 08-1290, 2008 WL 2901643, *2 (D.D.C. Jul. 28, 2008). He has been banned from further filings without leave of court by the United States Supreme Court, *Judd v. U.S. Dist. Ct*, 528 U.S. 5, 5-6 (1999), the United States Court of Appeals for the Fifth Circuit, *Judd v. Fox*, 289 F. App'x 795, 795-96 (5th Cir. 2008), the United States Court of Appeals for the District of Columbia, *Judd v. United States*, No. 05-5289, 05-5290, 2006 WL 1565084, *1 (D.C. Cir. Feb. 14, 2006), and the United States District Court for Massachusetts, *Judd v. United States*, C.A. No. 06-10172-PBS, 2010 WL 1904869, *1 (D.Mass. May 5, 2010).

Courts often permit *pro se* litigants to file amended complaints. In light of the decisions of other courts regarding Judd's claims, it appears that any amended complaint would be frivolous. Accordingly, I recommend that the Court not permit Judd to file an amended complaint.

**IV.     RECOMMENDATION**.

Based upon the foregoing, I respectfully recommend that the Court:

1.      **DISMISS** the complaint with prejudice, Doc. No. 1; and

2.      **DENY** the motion to proceed *in forma pauperis* without prejudice, Doc. No. 2.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 1, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy